# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. COE, | CASE NO. 1:07-cv-00683-AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS |
| v. | |
| YATES, et al., | (Docs. 16, 19) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

**I.     Findings and Recommendations Following Screening of Amended Complaint**

Plaintiff filed his original complaint on February 22, 2007, in the Northern District of California. (Doc. 1.) The case was transferred to the Eastern District of California on May 9, 2007. (Id.) On February 7, 2008, the Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 10.) On May 8, 2008, after receiving an extension of time, Plaintiff filed his first amended complaint. (Doc. 14.)

On February 26, 2009, the Court issued an order finding that Plaintiff's allegations give rise to cognizable claims for relief under section 1983 against defendants DeFrance and Green for violation of 1) the First Amendment for interference with outgoing mail and retaliation, 2) the Equal Protection Clause, and 3) RLUIPA, and against defendant Voss for retaliation. However, the Court found that Plaintiff's allegations do not give rise to any claims for relief against defendant Yates. The Court also found that Plaintiff's allegations against defendants

Ken Clark, L. Polk, K. Allison, S. Smith, B. Murberger, and John Doe 1 violated Rule 18(a) of the Federal Rules of Civil Procedure. The Court ordered Plaintiff to either file an amended complaint or notify the Court that he wishes to proceed only on his cognizable claims. On March 3, 2009, Plaintiff notified the Court that he does not wish to amend and wishes to proceed only on claims identified by the Court as cognizable. (Doc. 19.) Based on Plaintiff's notice, the instant Findings and Recommendations now issues.

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

(9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### B. Plaintiff's Complaint and Rule 18(a)

Plaintiff is currently a state prisoner at Salinas Valley State Prison in Soledad, California. Plaintiff was formerly imprisoned at Pleasant Valley State Prison ("PVSP") and the California Substance Abuse and Treatment Facility ("CSATF"), where the acts he complains of occurred. Plaintiff names as defendants: James A. Yates, Warden of PVSP; Ken Clark, Warden of CSATF; L. Polk and K. Allison, associate wardens of CSATF; S. Smith, Lieutenant at CSATF; M. C. Voss, CCII/AC at PVSP; Brian DeFrance and N. N. Greene, correctional sergeants at PVSP; B. Murberger, correctional officer at CSATF; and John Doe 1, Protestant chaplain at CSATF. (Doc. 14, pp. 2-4.)

#### 1. *Rule 18(a)*

Plaintiff makes allegations regarding events at both PVSP and CSATF. The Court finds that the events alleged at each prison are unrelated. Plaintiff's complaint thus fails to comply with Federal Rule of Civil Procedure 18(a). "The controlling principle appears in Fed. R. Civ. P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The Court will focus its analysis on Plaintiff's allegations regarding events at PVSP. Plaintiff's allegations regarding events at CSATF and all defendants related therein, namely Ken Clark, L. Polk, K. Allison, S. Smith, B. Murberger, and John Doe 1, are dismissed without prejudice for non-compliance with Rule 18(a). Plaintiff is advised that if he wishes to pursue a claim against the CSATF defendants, Plaintiff should file a separate complaint.

### 2. *Summary of Plaintiff's Complaint Regarding Events at PVSP*

Plaintiff alleges the following regarding events at PVSP. Plaintiff is an Eastern Band Cherokee Native American Indian. Plaintiff was incarcerated at PVSP from May 6, 2004, until May 30, 2007. (Doc. 14, p. 8, ¶ 19.) Plaintiff became deeply involved with his Native American religious culture. Plaintiff discovered that other religions were given weekly access to the facility chapel. Plaintiff and other Native Americans were not given equal access. (Id., pp.8-9, ¶ 21.) Plaintiff and other Native Americans were classified as Sensitive Need Yard ("SNY") inmates and housed in Facility A. Facility A lacked a sweat lodge for Native Americans to assemble and practice their religion. (Id., pp. 9-10, ¶¶ 22-23.) Plaintiff filed a grievance on February 19, 2006, seeking the construction of a sweat lodge for Facility A, and access to the available sweat lodge in Facility C in the interim. (Id., p. 10, ¶ 24.) Because Plaintiff received no response, Plaintiff tried to file another appeal on March 10, 2006. Plaintiff gave this appeal directly to defendant DeFrance, who refused to accept it and vowed to sabotage any further complaints. Plaintiff submitted an appeal to defendant Voss complaining of this threat, and received no response. (Id., p. 11, ¶ 25.) Receiving no response to Plaintiff's second appeal, Plaintiff filed a third appeal on April 3, 2006, complaining of discriminatory practices and prison officials' failure to respond to his grievance in a timely manner. (Id., p. 12, ¶ 27.)

Plaintiff, having received no responses to his appeals as of April 19, 2006, began to send correspondence directly to defendant Yates. Defendants Greene and DeFrance interfered with Plaintiff's mail. (Id., p. 12, ¶ 28.) On October 2006, Greene confronted Plaintiff regarding

1 Plaintiff's grievances. (Id., p. 13, ¶ 29.) Plaintiff mailed two more letters to Yates seeking Yates' intervention. Plaintiff received no response. (Id., pp. 13-14, ¶ 30.)

Plaintiff claims a conspiracy to violate his civil rights, retaliation and interference with First Amendment rights, denial of due process and equal protection, and a violation of the Religious Land Use and Institutionalized Persons Act. (Id., pp. 22-25.) Plaintiff demands a jury trial, and seeks monetary damages. (Id., p. 26.)[1]

### C. Plaintiff's Claims

#### 1. *Conspiracy*

Plaintiff alleges that defendants jointly conspired to violate Plaintiff's civil rights for the purpose of depriving Plaintiff of equal protection, equal privileges and immunities under the law, and due process of law. Plaintiff alleges that each defendant is a member of a code-of-silence and engaging in "greenwall" activities. (Doc. 14, pp. 22-23.)

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

The federal system is one of notice pleading, and the court may not apply a heightened pleading standard to plaintiff's allegations of conspiracy. Empress LLC v. City and County of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307

---

[1]The Court notes that in the verification section of Plaintiff's amended complaint, it reads, "Pursuant to 28 U.S.C. § 1746, I, **Jason Saunders**, declare under penalty of perjury that the foregoing facts are true and correct...." (emphasis in original). Plaintiff's name is then signed below. Because of this discrepancy, the Court finds that Plaintiff's amended complaint is unverified.

5

F.3d 1119, 1126 (2002).  However, although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted).

Plaintiff's allegations amount to at most "labels and conclusions." Twombly, 127 S. Ct. at 1964-65.  The Court finds that Plaintiff's allegations are insufficient to state a conspiracy claim under section 1983.

### 2. *First Amendment*

Plaintiff alleges that defendants Yates, Voss, DeFrance, and Greene interfered with Plaintiff's First Amendment rights.  (Doc. 14, p. 24, ¶ 57.)

**(A)   Outgoing Mail**

Prisoners have a "First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974) (*limited by* Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989), only as test relates to incoming mail).

Plaintiff alleges that defendants Greene and DeFrance intercepted Plaintiff's outgoing mail to Yates.  (Doc. 14, p. 12, ¶ 28.)  Plaintiff has stated a cognizable First Amendment claim against Greene and DeFrance for interference with Plaintiff's outgoing mail.

**(B)   Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.

6

Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff alleges retaliation by Yates, Voss, DeFrance, and Greene. Plaintiff alleges that Greene and DeFrance intercepted Plaintiff's mail to Yates and interfered with the grievance process by obstructing Plaintiff's ability to submit grievances regarding the alleged interference with Plaintiff's right to practice his religion. (Doc. 14, pp. 11, 12, ¶¶ 25, 26, 28.) Plaintiff has stated a cognizable retaliation claim against DeFrance and Greene.

Plaintiff alleges that Voss failed to process Plaintiff's appeals. (Doc. 14, pp. 10-12, ¶¶ 25-27.) Plaintiff alleges that this occurred because Plaintiff sought to exercise his religion. (Id., p. 24, ¶ 58.) Plaintiff states a cognizable retaliation claim against Voss under section 1983.

Plaintiff alleges that Yates failed to respond to Plaintiff's grievances. (Doc. 14, pp. 12-14, ¶¶ 28-30). Plaintiff alleges that Yates failed to properly train and supervise the other defendants. (Id., p. 22, ¶ 49.) Plaintiff's allegation appears to be based on Yates's supervisory role. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a

repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff's allegations fail to state a cognizable claim against defendant Yates.

### 3. *RLUIPA*

Plaintiff alleges a violation of The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). (Doc. 14, p. 25.) RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff alleges that Native Americans housed in Facility A of PVSP were not permitted to routinely practice their faith because of a lack of a sweat lodge in the facility. Native American prisoners could non-routinely access the sweat lodge in Facility C. (Doc. 14, pp. 8-9, ¶¶ 21-22.) At some point, Plaintiff and other Native American prisoners were denied total access to the sweat lodge in Facility C. (Id., p. 10, ¶ 24.) Plaintiff alleges that defendants Greene and DeFrance hampered and substantially burdened Plaintiff's ability to practice his faith. (Id., p. 12, ¶ 28.) Plaintiff states a cognizable RLUIPA claim against DeFrance and Green.

Plaintiff fails to state a RLUIPA claim against Yates. Plaintiff's allegations against Yates amount to at most a theory of respondeat superior, which this Court had previously stated was

insufficient to state a claim. Plaintiff also fails to state a RLUIPA claim against Voss. Voss's alleged failure to respond to Plaintiff's grievances does not state a substantial burden on a religious exercise.

### 4. *Equal Protection*

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Prisoners are protected by the Equal Protection Clause from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997) (citing Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam) (*abrogated on other grounds by* Shakur v. Schiro, 514 F.3d 878, 884-85 (9th Cir. 2008)). Plaintiff states a cognizable Equal Protection claim against defendants DeFrance and Green. Plaintiff fails to state an Equal Protection claim against defendant Yates on a theory of respondeat superior. Plaintiff also fails to state an Equal Protection claim against defendant Voss.

### 5. *Other Claims*

Plaintiff alleges a Due Process violation. (Doc. 14, p. 22.) "To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996)

(citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); see County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, the First Amendment and the Equal Protection Clause of the Fourteenth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, rather than the Due Process Clause of the Fourteenth Amendment, governs Plaintiff's claims.

Plaintiff also alleges a violation of the Privileges and Immunities Clause. (Doc. 14, p. 22.) "[T]he Privileges and Immunities Clause 'reliev[es] state citizens of the disabilities of alienage in other States . . . .'" Ponderosa Dairy v. Lyons, 259 F.3d 1148, 1156 (9th Cir. 2001) (quoting Paul v. Virginia, 75 U.S. 168, 180 (1869)). "Discrimination on the basis of out-of-state residency is a necessary element for a claim under the Privileges and Immunities Clause." Giannini v. Real, 911 F.2d 354, 357 (9th Cir. 1990). Plaintiff makes no such allegations, and thus Plaintiff fails to state a claim under the Privileges and Immunities Clause.

## II. **Recommendation**

Plaintiff has stated cognizable claims against defendants DeFrance and Green for violation of 1) the First Amendment for interference with outgoing mail and retaliation, 2) the Equal Protection Clause, and 3) RLUIPA. Plaintiff has stated a cognizable claim against Voss for retaliation in violation of the First Amendment. Plaintiff fails to state any cognizable claims against defendant Yates. Plaintiff's claims against defendants Ken Clark, L. Polk, K. Allison, S. Smith, B. Murberger, and John Doe 1, violate Federal Rule of Civil Procedure Rule 18(a). The Court provided Plaintiff with the opportunity to file an amended complaint but Plaintiff opted to proceed on the claims found to be cognizable by the Court. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendants DeFrance and Green for violation of the First Amendment, the Equal Protection Clause, and RLUIPA, and against defendant Voss for violation of the First Amendment;

2. Defendant James A. Yates be dismissed from this action with prejudice for

1 | Plaintiff's failure to state any claims upon which relief may be granted; and
3. Defendants Ken Clark, L. Polk, K. Allison, S. Smith, B. Murberger, and John Doe 1 be dismissed from this action without prejudice for non-compliance with Federal Rule of Civil Procedure 18(a).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 17, 2009**        /s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE