# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. COE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>J. YATES, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00683-AWI-DLB PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WITHIN THIRTY DAYS WHY DEFENDANTS VOSS AND DEFRANCE SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE INFORMATION SUFFICIENT TO EFFECT SERVICE |

Plaintiff Michael J. Coe ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed on May 8, 2008. (Doc. 14.) On March 31, 2009, the Court issued an order directing the United States Marshal to initiate service of process on three defendants. (Doc. 23.) Defendant Green has waived service. However, the Marshal was unable to locate and serve Defendants B. Defrance or M.C. Voss, and on June 25, 2009, the Marshal returned the USM-285 forms to the Court. (Doc. 30.)

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the

1

1  summons and complaint and ... should not be penalized by having his action dismissed for failure
2  to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'"
3  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270,
4  275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So
5  long as the prisoner has furnished the information necessary to identify the defendant, the marshal's
6  failure to effect service is 'automatically good cause . . . .'"  Walker, 14 F.3d at 1422 (quoting
7  Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails
8  to provide the Marshal with accurate and sufficient information to effect service of the summons
9  and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker,
10 14 F.3d at 1421-22.

In this instance, the addresses provided by Plaintiff for Defendants Voss and DeFrance are no longer accurate. Defendant Defrance is not at Pleasant Valley State Prison and is not listed in the CDC locator. The USM 285 form indicates that process for Defendant Voss was returned by the United States Post Office as undeliverable and "unable to locate". (Doc. 30.) If Plaintiff is unable to provide the Marshal with current addresses at which Defendants Voss and Defrance can be located, these defendants shall be dismissed from the action, without prejudice. Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendants Voss and Defrance should not be dismissed from the action at this time.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendants Voss and Defrance should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in a recommendation that Defendants Voss and Defrance be dismissed from this action.

IT IS SO ORDERED.

    **Dated:   June 26, 2009**          /s/ **Dennis L. Beck**
                                                                              UNITED STATES MAGISTRATE JUDGE