IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. COE, | CASE NO. 1:07-cv-00683 AWI DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANTS DEFRANCE AND VOSS FROM ACTION |
| vs. | |
| JAMES A. YATES, et al., | (Doc. 31) |
| Defendants. | |

Plaintiff Michael J. Coe ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed on May 8, 2008. (Doc. 14.) On March 31, 2009, the Court issued an order directing the United States Marshal to initiate service of process on three defendants. (Doc. 23.) On July 28, 2009, defendant Green filed a motion to dismiss. However, the Marshal was unable to locate and serve Defendants B. Defrance or M.C. Voss, and on June 25, 2009, the Marshal returned the USM-285 forms to the Court. (Doc. 30.) On June 26, 2009, the Court issued an order to show cause why defendants Defrance and Voss should not be dismissed from this action. (Doc. 31.) Plaintiff filed a response on July 17, 2009. (Doc. 34.)

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

If a defendant is not served within 120 days after the complaint is filed, the court - on

1

> motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the addresses provided by Plaintiff for Defendants Voss and DeFrance are no longer accurate. Defendant Defrance is not at Pleasant Valley State Prison and is not listed in the CDC locator. The USM 285 form indicates that process for Defendant Voss was returned by the United States Post Office as undeliverable and "unable to locate". (Doc. 30.) In his response to the order to show cause, Plaintiff argues that he has stated cognizable claims against these defendants and that they should be held accountable. However, Plaintiff has not provided accurate addresses to effect service.

Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), it is HEREBY RECOMMENDED that defendants Voss and Defrance be dismissed from this action, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

1  Recommendations." The parties are advised that failure to file objections within the specified time may
2  waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3      IT IS SO ORDERED.
4      **Dated:**   **August 21, 2009**        **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE