# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. COE, | CASE NO. 1:07-cv-00683-AWI-DLB (PC) |
| Plaintiff, | ORDER STRIKING SURREPLY |
| v. | (Doc. 48) |
| YATES, et al., | |
| Defendants. | FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED AND ACTION BE DISMISSED WITHOUT PREJUDICE |
| | (Docs. 35, 36) |
| / | OBJECTIONS, IF ANY, DUE WITHIN **21 DAYS** |

I.  **Findings and Recommendation**

   A.  **Procedural History**

Plaintiff Michael J. Coe ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and The Religious Land Use and Institutionalized Persons Act ("RLUIPA") of 2000. This action is proceeding on Plaintiff's first amended complaint against Defendant Greene for violation of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and RLUIPA.[1] On July 28, 2009, Defendant

---

[1] Defendants Voss and Defrance were dismissed from this action without prejudice for Plaintiff's failure to provide information sufficient to initiate service of process. (Doc. 38, Magistrate Judge's Findings and Recommendations; Doc. 49, Order Adopting Magistrate Judge's Findings and Recommendations.)
  Defendant Greene's name was misspelled as "Green." The Court adopts the corrected spelling.

1

filed a motion to dismiss pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that Plaintiff had failed to exhaust administrative remedies prior to filing this action. (Doc. 35, Def.'s Mot. To Dismiss.) On July 29, 2009, Defendant filed a subsequent amended filing for the exhibits. (Doc. 36.) On October 6, 2009, after receiving an extension of time, Plaintiff filed his opposition. (Doc. 43, Pl.'s Opp'n.) On October 20, 2009, Defendant filed his reply. The matter is deemed submitted pursuant to Local Rule 230(l).[2]

On November 16, 2009, Plaintiff filed a further reply to the motion to dismiss. (Doc. 48.) The Court construes this filing as a sur-reply. Sur-replies are not generally allowed by this Court. See Local Rule 230(l). The Court neither requested nor granted leave for Plaintiff to file a surreply. Accordingly, Plaintiff's surreply, filed November 16, 2009, is HEREBY ORDERED stricken.[3]

### B. Summary Of Plaintiff's First Amended Complaint

Plaintiff was formerly incarcerated at Pleasant Valley State Prison ("PVSP"), where the events giving rise to this action allegedly occurred. Plaintiff alleges that while housed at PVSP, Defendant Greene interfered with Plaintiff's mail, retaliated against him for filing administrative grievances, violated RLUIPA by interfering with Plaintiff's access to the Native American sweat lodge, and allowed prisoners practicing other religions to access the chapel on weekly basis while denying similar access to Native American practitioners. Plaintiff seeks monetary damages as relief.

### B. Failure to Exhaust Administrative Remedies

#### *1. Legal Standard*

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on March 31, 2009. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 23.)

[3] Out of an abundance of caution, the Court reviewed Plaintiff's surreply and finds that it would not change the findings and recommendation herein.

2

are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

The California Department of Corrections has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (Deering 2009).  The process is initiated by submitting a CDC Form 602.  Id. § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. §§ 3084.5, 3084.6(c).  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 86 (2006); McKinney, 311 F.3d at 1199-1201.

Plaintiff does not have to name each defendant in his grievance form.  See Jones, 549 U.S. at 218-19 ("The level of detail necessary in a grievance to comply with the grievance procedures

3

1  will vary from system to system and claim to claim, but it is the prison's requirements, and not
2  the PLRA, that define the boundaries of proper exhaustion . . . . [E]xhaustion is not per se
3  inadequate simply because an individual later sued was not named in the grievances."). The
4  inmate appeal form CDC-602 does not require identification of specific individuals. See Cal.
5  Code Regs., tit. 15 § 3084.2(a).

**C.   Arguments**

Defendant contends that Plaintiff has not properly exhausted his administrative remedies as to all his claims. Defendant contends that Plaintiff filed three appeals while incarcerated at PVSP in 2004. (Doc. 35, Mem. Of P. & A. In Support of Mot. To Dismiss 3:22-4:5.) Defendant contends that two of the appeals were rejected at the informal level of the appeals process, and the third was returned for resubmittal. (Mem. Of P. & A. 3:23-24.) Defendant contends that the first appeal related to Plaintiff's custody classification, and was rejected on June 3, 2004 because Plaintiff did not complete it in its entirety. (Mem. Of P. & A. 3:24-26.) Defendant contends that the second appeal was duplicative of another appeal and also rejected on June 3, 2004. (Mem. Of P. & A. 3:26-4:2.) Defendant contends that the third appeal regarding Plaintiff's custody classification was rejected on June 3, 2004, with instruction for Plaintiff to resubmit the appeal for an informal response. (Mem. Of P. & A. 4:2-4.) Plaintiff failed to submit any further response. (Mem. Of P. & A. 4:4-5.) Defendant submits as evidence the declaration of G. Duran, appeals coordinator at Pleasant Valley State Prison. (Doc. 35, Mot. To Dismiss, Exh. B, G. Duran Decl.) G. Duran attests that none of Plaintiff's PVSP inmate grievances concerned any religious discrimination. (G. Duran Decl. ¶ 5.)

Defendant has satisfied his burden of demonstrating that Plaintiff failed to exhaust his administrative remedies. The burden thus shifts to Plaintiff to demonstrate exhaustion of available administrative remedies.

Plaintiff contends that he filed his appeals in 2006, not 2004. (Pl.'s Opp'n 1.) Plaintiff contends that he exhausted administrative remedies to the best of his ability, and that it is the California Department of Corrections which lost the appeals. (Pl.'s Opp'n 1.) Plaintiff submits as evidence an inmate grievance regarding religious discrimination. (Pl.'s Opp'n, Exh. B.) The

grievance is dated April 3, 2006.

Defendant contends that Plaintiff's evidence fails to indicate that his appeal was submitted to the appeals office. (Def.'s Reply 5:15-6:4.) Defendant further contends that Plaintiff's appeal, which is dated April 3, 2006, was submitted prior to the alleged actions of Defendant Greene, and thus would not have been able to administratively exhaust Plaintiff's claims. (Def.'s Reply 5:17-20.)

Plaintiff has not sufficiently demonstrated that he has exhausted available administrative remedies prior to filing this action. Plaintiff's claims against Defendant Greene are in paragraphs 8, 21, 28, 29, and 30 of the first amended complaint. Plaintiff alleges that between April 19, 2006 and October 13, 2006, Plaintiff sent letters to Warden Yates that were illegally intercepted and opened by Greene. (Doc. 14, First Am. Compl. at 12-13.) Plaintiff also alleges that in October 2006, Defendant Greene confronted Plaintiff regarding the letters, and informed Plaintiff that he had no authority to act on Plaintiff's request for a sweat lodge for the Native American prisoners. (Id.) The first alleged act undertaken by Defendant Greene occurred on April 19, 2006. Plaintiff's inmate grievance, which was apparently signed April 3, 2006, cannot be used to demonstrate an attempt at exhaustion of administrative remedies because it would not comply with prison regulation. See Cal. Code Regs., tit. 15 § 3084.6(c) (requiring prisoner to submit inmate grievances within 15 working days of event being appealed). The regulations would necessarily require an inmate to file an inmate grievance after the event had occurred, which Plaintiff did not do.

Plaintiff also failed to demonstrate that he was obstructed by prison officials as to the inmate grievance process. Plaintiff provides no other evidence that supports Plaintiff's contentions. There are no time stamps or any other evidence that indicate Plaintiff submitted the April 2006 inmate grievance to the appeal's office. The only evidence of grievances being submitted by Plaintiff is a printout, which indicates Plaintiff filed grievances in 2004 regarding his custody classification, none of which were in compliance with prison grievance procedures or related to this action. This is insufficient to demonstrate exhaustion or any exception to the exhaustion requirement.

Defendant met his burden of demonstrating that Plaintiff did not exhaust administrative remedies prior to filing suit. Plaintiff has not met his burden of demonstrating that he exhausted all available administrative remedies. Defendant's motion to dismiss should be granted and he should be dismissed from this action. With the dismissal of Defendant Greene, the only remaining defendant, Plaintiff's action should be dismissed without prejudice.

## II.     Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Greene's motion to dismiss, filed July 28, 2009, and amended July 29, 2009, should BE GRANTED and Plaintiff's action should be DISMISSED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 23, 2010**               /s/ Dennis L. Beck
                                                                UNITED STATES MAGISTRATE JUDGE